J. WILLIAM SCHULTZE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21581. · Promulgated December 6, 1929.

*W. R. Lansford, Esq.*, for the respondent.

VAN FOSSAN: Respondent determined deficiencies in tax, penalties, and interest for the several years as follows:

| Year | Deficiency | Penalty | Interest |
|------|-----------:|--------:|---------:|
| 1920 | $3,419.30 | $854.83 | $96.16 |
| 1922 | 8,107.35 | 2,026.84 | |
| 1923 | 6,377.01 | 3,188.51 | |
| 1924 | 1,405.24 | 702.62 | 119.35 |

When the proceeding was called for hearing no appearance was made by or on behalf of the petitioner. All material averments of fact that, if proven, might have supported petitioner's allegations of error as to the correctness of the deficiencies being denied by respondent's answer and no other facts appearing, we hold that petitioner has not sustained the burden of proving error and the deficiencies are approved.

Respondent determined penalties for filing delinquent returns for the years 1920 and 1922 and fraud penalties for 1923 and 1924.

As to the delinquency penalties petitioner admits filing delinquent returns for 1920 and 1922 and alleges the payment of delinquency penalties for such years. Returns, which are in evidence, bear date of November 6, 1923, and a stamp indicating the delinquency penalty of 25 per cent. In this situation the admissions and facts before us establish the correctness of respondent's action in adding delinquency penalties to the deficiencies for 1920 and 1922.

There remains the issue of fraud as to the years 1923 and 1924, the statutory burden of proving which rested on the respondent. He relies on the admissions appearing in the pleadings and the tax returns which he introduced to support his findings.

Though the burden of proving fraud is placed on the Commissioner by section 907 (a) of the Revenue Act of 1928, obviously this does not mean that all the evidence in support thereof must be elicited from his witnesses or from documents which he presents. If, before respondent had introduced any evidence, the petitioner should admit a fraudulent filing with intent to evade tax, it would be a stilted adherence to the burden of proof rule that would require the Commissioner to adduce further or corroborative evidence. It would seem indisputable that we are entitled to consider all admitted facts appearing in the pleadings as being properly before us, whether they were originally averred by the petitioner or the respondent, and though no other evidence be introduced, if such facts are sufficient to establish an issue, to render decision accordingly.

In his petition petitioner avers, and in his answer respondent admits, that petitioner engaged illegally in the wholesale liquor business

during part of the period in question; that during the 1923 November term of the United States District Court at Wheeling, W. Va., he pleaded guilty to a charge of conspiring to violate the National Prohibition Act and was sentenced to serve sixteen months in the Atlanta penitentiary and pay a fine of $4,000; that about the same time he filed delinquent income-tax returns for the years 1920 to 1922, inclusive; that he was confined in Federal prison until after the close of 1924.

Petitioner also avers that he gave as complete information to the Commissioner on his returns for 1920-1922 as he could without incriminating himself and that if he had filed the returns on time and given all information asked for in the schedules he would have disclosed that the income was earned in the commission of crime. He alleges the same to be true of the 1923 return, and that he had no income from business for 1924 while confined in the Atlanta prison, as to which year he filed what he alleges was a fair and honest return. These averments and allegations of petitioner are expressly denied by respondent.

The above are all of the material facts before us. The approval of a deficiency for failure of a petitioner to shoulder and carry the burden of proof does not establish as true the controverted facts alleged by one party and either denied or not admitted by the other. Thus, we are not at liberty to consider as part of the proof of the intent of petitioner the bank transactions, nor may we consider the allegations set forth in the preceding paragraph, which allegations were denied by respondent.

In his brief respondent's counsel argues that " the only conclusion that can be drawn from these admissions is that the criminal conspiracy to defeat the National Prohibition Act and the evasion of the tax arising from income derived from this conspiracy were founded on the same state of mind in both instances, and that fraudulent concealment of profits was a natural corollary to overt acts committed in persistent violation of the National Prohibition Act."

We do not find in the above facts sufficient basis of fact or fair inference to justify us in holding that petitioner filed false and fraudulent returns for 1923 and 1924, with intent to evade tax. Fraud must be established by clear and convincing evidence and here the evidence falls far short of that degree of proof.

The facts that petitioner was an admitted bootlegger, pleaded guilty to a crime in 1923 and served a sentence therefor, and meanwhile filed delinquent returns for other years do not prove that as to the years 1923 and 1924 he was guilty of fraudulent evasion of tax. We may entertain whatever suspicions we choose, or infer whatever probabilities our imaginations dictate, but to find a man

guilty of fraud requires more than suspicion or mere probabilities of dereliction. It requires evidence from which an intent to defraud and the fact of defrauding appear. Here the evidence on which respondent relies is inadequate to establish his case.

> *Decision will be entered finding the deficiencies as determined by respondent, with penalties for delinquency for the years 1920 and 1922 and disallowing the penalties for fraud for the years 1923 and 1924.*